UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRYAN LEE, individually | * | CIVIL ACTION NO.: |
| And on behalf of others similarly situated | * | |
| | * | |
| VERSUS | * | |
| | * | |
| ALWAYS TLC, LLC | * | |
| d/b/a ALL ABOUT U | * | COLLECTIVE ACTION |
| | * | |

**************************************************************************

## <u>COLLECTIVE ACTION</u>

Plaintiff, Bryan Lee, individually and on behalf of all other similarly situated current and former employees of Defendant, brings this Collective Action against Defendant, Always TLC, LLC d/b/a All About U, and alleges as follows:

### I.    JURISDICTION

1.    Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

### II.    PARTIES

2.    Plaintiff is domiciled in Washington Parish, State of Louisiana, and was employed by Defendant from approximately October 2019 through January 2022 as a direct caregiver who provided companionship services in the homes of Defendant's clients.  Plaintiff's hours varied from week to week but he regularly worked more than forty (40) hours a week.

3.    Plaintiff has consented to filing the instant action. (Exhibit "A").

4.    Defendant Always TLC, LLC d/b/a All About U (hereinafter referred to as "Always TLC") is a Louisiana limited liability company with its principal place of business located at 42367

Deluxe Plaza, Suite 30, Hammond, Louisiana 70403, and may be served through its registered

agent, Martha Lee, 4053 Chipwood Court, Harvey, Louisiana 70058.

5.      Defendant operates a home healthcare services business under the fictitious name

of All About U.

6.      Defendant Always TLC employed Plaintiff and participated directly in

employment decisions regarding Plaintiff's rights for which he seeks redress in this case.

7.      Plaintiff brings this action on behalf of himself and other similarly situated current

and former direct caregiver employees of Defendant who provided companionship services, like

Plaintiff.

8.      The precise size and the identity of the Collective should be ascertainable from the

business records, payroll and/or employee or personnel records of Defendant.

### III.    VENUE

9.      Venue is proper in this District as Defendant conducted business in the Eastern

District, and a substantial part of the events giving rise the claims occurred in Tangipahoa Parish.

10.     Furthermore, Defendant's principal office and residence are located in Tangipahoa

Parish.

### IV.    COLLECTIVE ACTION DEFINITION

11.     The Collective of similarly situated employees sought to be certified under 29

U.S.C. §216(b) as a collective action is defined as:

> All current and former hourly direct caregivers
> employed by Always TLC, LLC at any time since
> three (3) years prior to filing this Complaint.

## V.    COVERAGE UNDER THE FLSA

12.    At all times hereinafter mentioned, Defendant is and has been an employer within the meaning of 29 U.S.C. §203(d).

13.    At all times hereinafter mentioned, Defendant is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

14.    At all pertinent times, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

15.    Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16.    Defendant is a third-party employer of the putative collective members who are direct caregivers who provide companionship services for Defendant's clients. By statute, the FLSA is applicable to these workers pursuant to 29 C.F.R. §552.6; 552.99 ("Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce"); and 552.100 (". . . domestic service employees who work more than 40 hours in any one workweek for the same employer must be paid overtime compensation at a rate not less than one and one-half times the employee's regular rate of pay for such excess hours. . .").

17.    Plaintiff and the putative collective members all are "domestic service employees" as defined by 29 C.F.R. § 552.3 and 552.6. as they are employed by Defendant as direct caregivers to perform companionship services consisting of providing fellowship, protection and care for elderly persons or persons with an illness, injury, or disability who require assistance.

18.    Plaintiff, and all those similarly situated, are non-exempt direct caregivers covered under the FLSA. *See*, Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. at 60,454.

19.    At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207. 29 C.F.R. § 552.2 ("employment of persons in domestic service in households affects commerce").

## VI.    FACTS

20.    Defendant operates a home healthcare agency in Hammond, Louisiana providing home healthcare services.

21.    Plaintiff and the Collective Members were employed by Defendant as direct caregivers who provided companionship services for the elderly, ill or disabled.

22.    Plaintiff's hours varied from week to week during his employment with Defendant, but he regularly worked more than forty (40) hours in a workweek.

23.    Plaintiff's regular schedule was 7:00 a.m. to 7:00 p.m., five (5) days a week. Plaintiff worked additional hours during the week if his replacement was late or did not show up.

24.    Upon information and belief, the Collective Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

25.    Defendant did not pay an overtime premium for all hours worked over forty (40) in a workweek.

26.    Plaintiff is aware of other current and former employees of Defendant who were subject to the same payroll practice.

## VII.    VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

27.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

28.    Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

29.    Plaintiff and the Collective Members are not exempt from the overtime requirements of the FLSA.

30.    Plaintiff and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

31.    Defendant knew Plaintiff and the Collective Members were non-exempt and entitled to an overtime premium.

32.    Defendant had no justifiable reason to withhold wages for all hours worked and an overtime premium for hours worked over forty (40) in a workweek.

33.    Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) in a workweek.

## VIII.   COLLECTIVE ACTION ALLEGATIONS

34.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

35.    Defendant's practice and policy of not paying overtime affects Plaintiff and the Collective Members and is a willful violation of the FLSA.

36.    The Collective Members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.  All are hourly, non-exempt direct caregivers who provided companionship services.

5

37.    Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly situated employees.

38.    The specific job titles or precise job requirements of the Collective Members does not prevent collective treatment.  All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

**RELIEF SOUGHT**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment in her favor and against Defendant as follows:

1.    For an Order authorizing preliminary discovery on the issue of whether Plaintiff and the Collective Members are similarly situated under the FLSA;

2.    For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

3.    For an Order finding Defendant liable for unpaid overtime wages due to Plaintiff and the Collective Members and for liquidated damages equal in amount to the unpaid compensation;

4.    For an award of costs of this action as provided under the FLSA;

5.    For an award of attorneys' fees as provided under the FLSA;

6.      For an award of pre- and post-judgment interest; and

7.      For any and all other and further relief as may be necessary and appropriate.

Respectfully Submitted:

By: _/s/ Scott E. Brady_____
        Philip Bohrer (Bar Roll No. 14089)
        phil@bohrerbrady.com
        Scott E. Brady (Bar Roll No. 24976)
        scott@bohrerbrady.com
        BOHRER BRADY, LLC
        8712 Jefferson Highway, Suite B
        Baton Rouge, Louisiana  70809
        Telephone: (225) 925-5297
        Facsimile: (225) 231-7000